IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-632-D

JOHN LASCHKEWITSCH,                )
                                   )
                                   )
              Plaintiff,           )
                                   )
        v.                         )        **ORDER**
                                   )
TRANSAMERICA LIFE INSURANCE        )
COMPANY,                           )
                                   )
              Defendant.           )

Transamerica Life Insurance Company ("defendant" or "Transamerica") believes that its former agent John Laschkewitsch ("plaintiff" or "Laschkewitsch") violated his Producer Agreement by helping to sell a $500,000 life insurance policy to his brother Ben Laschkewitsch in August 2009 and naming plaintiff as the beneficiary without disclosing material facts of Ben Laschkewitsch's medical history, including symptoms of amyotrophic lateral sclerosis ("ALS"). ALS is a fatal disease, and Ben Laschkewitsch died of ALS in January 2012. John Laschkewitsch wants the $500,000, and Transamerica does not want to pay him. See [D.E. 1].

On October 22, 2014, Transamerica moved for an order compelling Laschkewitsch to arbitrate their dispute pursuant to the arbitration provision in the Producer Agreement. See [D.E. 4]. Laschkewitsch had consented to the Producer Agreement when he and Transamerica executed a separate agreement in April 2009. See [D.E. 6-1, 6-2]. Transamerica also wants the court to dismiss Laschkewitsch's petition to stay arbitration, which Laschkewitsch filed in Cumberland County Superior Court and Transamerica properly removed to this court based on diversity jurisdiction. See [D.E. 4]. Transamerica filed a memorandum in support of its motion. See [D.E. 5]. On November 18, 2014, Laschkewitsch (who is proceeding pro se) responded in opposition [D.E. 16]. On December 2, 2014, Transamerica replied [D.E. 17].

The record demonstrates: (1) the existence of a dispute between the parties; (2) a written agreement between Laschkewitsch and Transamerica that includes an arbitration provision purporting to cover the dispute and that is enforceable under general provisions of contract law; (3) the relationship of the transaction, as evidenced by the written Producer Agreement, to interstate commerce; and (4) Laschkewitsch's refusal to arbitrate the dispute. Thus, the court dismisses Laschkewitsch's petition to stay arbitration and grants Transamerica's motion to compel arbitration. See, e.g., Marmet Health Care Ctr., Inc. v. Brown, 132 S. Ct. 1201, 1202–03 (2012) (per curiam); CompuCredit Corp. v. Greenwood, 132 S. Ct. 665, 669 (2012); AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1744 (2011); Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56–58 (2003); Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91–92 (2000); Santoro v. Accenture Fed. Servs., LLC, 748 F.3d 217, 221 (4th Cir. 2014); Rota-McLarty v. Santander Consumer USA, Inc., 700 F.3d 690, 697–99 (4th Cir. 2012); Levin v. Alms & Assocs., Inc., 634 F.3d 260, 267 (4th Cir. 2011); J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A., 863 F.2d 315, 321 (4th Cir. 1988); Newman v. First Montauk Fin. Corp., No. 7:08-CV-116-D, 2010 WL 2933281, at *7–8 (E.D.N.C. July 23, 2010) (unpublished); Aspen Spa Props., LLC v. Int'l Design Concepts, LLC, 527 F. Supp. 2d 469, 473 (E.D.N.C. 2007). Moreover, the entire dispute between Laschkewitsch and Transamerica arises under a Producer Agreement containing the arbitration provision. Thus, a significant relationship exists between the asserted claims and the Producer Agreement. See, e.g., Levin, 634 F.3d at 266–69; Long v. Silver, 248 F.3d 309, 319–21 (4th Cir. 2001); J.J. Ryan & Sons, Inc., 863 F.2d at 320–21. Accordingly, all disputes between the parties are subject to arbitration. See, e.g., Long, 248 F.3d at 320–21; Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1360 (2d Cir. 1993); Arnold v. Arnold Corp.-Printed Commc'ns For Bus., 920 F.2d 1269, 1281–82 (6th Cir. 1990); J.J. Ryan & Sons, Inc., 863 F.2d at 320–21.

In sum, the court GRANTS defendant's motion to compel arbitration [D.E. 4] and DISMISSES plaintiff's petition to stay arbitration [D.E. 1-3]. The court DENIES plaintiff's motion

to remand [D.E. 9], which plaintiff premised on the erroneous view that this court lacks subject-matter jurisdiction. This court has subject-matter jurisdiction based on diversity jurisdiction. The court DENIES defendant's motion concerning the Rule 26(f) conference [D.E. 13] as moot. The court STAYS the action pending arbitration. The parties shall notify the court upon concluding arbitration.

SO ORDERED. This **20** day of January 2015.

JAMES C. DEVER III
Chief United States District Judge