IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-632-D

| | |
|---|---|
| JOHN LASCHKEWITSCH, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **ORDER** |
| | ) |
| TRANSAMERICA LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

John Laschkewitsch ("Laschkewitsch" or "plaintiff") is a familiar litigant. See, e.g., Laschkewitsch v. Legal & Gen. Am., Inc., 247 F. Supp. 3d 710, 715–16 (E.D.N.C. 2017). On September 21, 2016, the court denied as baseless Laschkewitsch's motion to modify or correct Transamerica Life Insurance Company's ("Transamerica" or "defendant") arbitration award of $540,723.76, denied his motion to vacate the arbitration award and to dismiss Transamerica's petition for confirmation, and entered judgment confirming the arbitration award. See [D.E. 44, 45]. On August 14, 2017, Laschkewitsch moved for relief from the judgment under Federal Rules of Civil Procedure 60(a) and 60(b)(4) [D.E. 53]. Transamerica responded in opposition [D.E. 60], and Laschkewitsch replied [D.E. 61]. As explained below, the court denies Laschkewitsch's motion.

Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Laschkewitsch's arguments concerning a perceived "mistake arising from oversight or omission" parrot contentions that this court repeatedly has rejected as baseless. The court has considered the motion under the governing standard. See Sartin v. McNair Law Firm PA, 756 F.3d 259, 264–66 (4th Cir. 2014); Rhodes v. Hartford Fire Ins. Co., 548 F. App'x 857, 859–61

(4th Cir. 2013) (per curiam) (unpublished); Kosnoski v. Howley, 33 F.3d 376, 379 (4th Cir. 1994). The motion lacks merit and is denied.

Rule 60(b)(4) authorizes the court to "relieve a party or its legal representative from a final judgment" when "the judgment is void." Fed. R. Civ. P. 60(b)(4). According to Laschkewitsch, the judgment entered against him is void because both the arbitrator and this court lacked subject-matter jurisdiction. Laschkewitsch repeatedly has pressed this argument in this case, and the court repeatedly has rejected it. The argument has not improved with age. The court has reviewed Laschkewitsch's motion under the governing legal standard. See Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 302 n.3 (4th Cir. 2017); Wendt v. Leonard, 431 F.3d 410, 412–13 (4th Cir. 2005); Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004); Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992). The motion lacks merit and is denied.

In sum, the court DENIES Laschkewitsch's motion for relief from judgment [D.E. 53]. The court GRANTS Laschkewitsch's motion to seal [D.E. 56].

SO ORDERED. This 11 day of October 2017.

JAMES C. DEVER III
Chief United States District Judge